IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MELVIN STOREY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:23-cv-728-RAH-SMD |
| | ) |
| DERRICK CUNNINGHAM, Sheriff, | ) |
| | ) |
|    Defendant. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Melvin Storey ("Storey"), proceeding pro se, filed this action on December 18, 2023. Compl. (Doc. 1). Because Storey is proceeding *in forma pauperis*, the undersigned reviewed his complaint pursuant to 28 U.S.C. § 1915(e). *See* Order (Doc. 8). Based on that review, the undersigned ordered Storey to file an amended complaint on or before May 22, 2024. Order (Doc. 11). The undersigned warned Storey that his failure to comply with that Order would result in a recommendation that Storey's case be dismissed for failure to prosecute and failure to abide by Court orders. *Id.* at 10.

Storey has not complied with the undersigned's order to amend, and the time for doing so has passed. Further, Storey has not taken any action in this case for almost two months. Because of Storey's failure to comply with the Court's orders and because he has taken no further action to pursue this matter, the undersigned concludes that this case should be dismissed without prejudice for failure to prosecute and abide by court orders. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of

discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630-31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Accordingly, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that this case be DISMISSED without prejudice for failure to abide by Court orders. It is further

ORDERED that Storey shall file any objections to this Recommendation on or before **June 24, 2024**. Storey must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar Storey from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error

or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 10th day of June, 2024.

                                                                Stephen M. Doyle
                                                                CHIEF U.S. MAGISTRATE JUDGE